# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10401 | **DATE** | 1/8/2013 |
| **CASE TITLE** | Bittman vs. People of the State of Illinois et al. | | |

**DOCKET ENTRY TEXT**

Before the Court are Plaintiff Anthony Bittman's motions for leave to proceed *in forma pauperis* [4] and for appointment of counsel [5]. For the reasons stated below, the Court grants Plaintiff leave to proceed *in forma pauperis*. Because his complaint fails to state a claim on which relief may be granted, however, the Court must dismiss it at this time. The dismissal is without prejudice. If Plaintiff believes he can cure the defects identified below, he may file an amended complaint within 30 days of the date of this order. The Court denies Plaintiff's motion for appointment of counsel [5] without prejudice and with leave to renew if Plaintiff can state a claim that is cognizable in federal court.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Before the Court are Plaintiff Anthony Bittman's motions for leave to proceed *in forma pauperis* [4] and for appointment of counsel [5]. In order to file and proceed on a lawsuit *in forma pauperis* – that is, without paying the filing fee – "a plaintiff's income must be at or near the poverty level." *Bulls v. Marsh*, 1989 WL 51170, at *1 (N.D. Ill. May 5, 1989); see also *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). To measure poverty level, many judges in this district use the poverty guidelines promulgated by the United States Department of Health and Human Services (available at http://aspe.hhs.gov/poverty/12poverty.shtml). The HHS poverty guidelines for 2012 for the 48 contiguous states and the District of Columbia set the poverty level for a household of one at an annual income level of $11,170. Based on Plaintiff's representations about his financial status, the Court concludes that his income puts him below this threshold and grants his application to proceed *in forma pauperis*.

Congress has directed the courts to perform a preliminary review of a complaint that is filed along with a motion for leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e)(2)(B)(ii). In connection with that review function, a case must be dismissed "if the court determines that the action or appeal fails to state a claim on which relief may be granted." *Id.* Because Plaintiff's complaint fails to state a claim on which relief may be granted, the Court must dismiss it at this time. The dismissal is without prejudice, however. If Plaintiff believes he can cure the defects identified below, he may file an amended complaint within 30 days of the date of this order.

In his complaint [1], Plaintiff alleges that his substantive due process rights were violated when the Kane County Circuit Court imposed upon him bond conditions that restricted his ability to contact his minor son. He also alleges that his son's Fourteenth Amendment rights were abridged by the bond conditions, and that his own procedural due process rights were violated when a no-contact order was imposed without a "meaningful hearing." Plaintiff further contends that his son's substantive due process rights were violated when Assistant State's Attorney Mosser offered Plaintiff a plea agreement that contained a twelve-month no-contact provision that would have prevented him from seeing his son. (Plaintiff rejected the plea offer.) Plaintiff also asserts that he was improperly charged with multiple crimes stemming from a single act, in violation of the "one act, one

crime" rule articulated by the Illinois Supreme Court. His complaint also includes allegations – but not specific claims for relief – relating to the conduct of his public defender, Brenda Wilcott; the refusal of unnamed Kane County Jail correctional officers to return his personal possessions; medical problems he experienced upon his release from jail; and the State's "treatment of pre-trial detainees whom [sic] are unable to meet the stipulated bond/bail requirement." Plaintiff names as Defendants the People of the State of Illinois, State Attorney General Lisa Madigan, and Kane County State's Attorney Joseph H. McMahon, and has asked the Court to "order the Kane County Circuit Court to amend or vacate all orders of the Court that abridge parental association" with his son, order the Kane County Circuit Court to "dismiss the Violation of Order of Protection charge on Case 12CF1192," and permit him to contact his ex-wife concerning the "custodial and physical care, safety and well being of his 3-year old son."

Even under the generous reading of complaints accorded to *pro se* litigants, Plaintiff's complaint as it currently stands fails to state a claim upon which relief can be granted for two primary reasons. First, the principal relief Plaintiff seeks – revision or cancellation of a state court judgment – is not within this Court's power to provide. Pursuant to the "*Rooker-Feldman* doctrine," which takes its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), lower federal courts such as this one do not have the authority to hear cases "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "[N]o matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). If Plaintiff wishes to seek revision or reversal of orders issued by the Kane County Circuit Court, he must seek relief from the Illinois Appellate Court. Similarly, this Court is not the appropriate forum for Plaintiff's challenge to the charges that the state has elected to bring against him in state court case 12CF1192. Plaintiff should assert his "one act, one crime" argument before the court currently adjudicating case 12CF1192, and, if need be, before the Illinois Appellate Court. See *Tibor v. Kane Cnty., Ill.*, No. 11-3260, 2012 WL 6051528, at *1 (7th Cir. Dec. 6, 2012) ("A request for a federal injunction to control pending state litigation encounters the Anti-Injunction Act, 28 U.S.C. § 2283. Although suits under § 1983 are not strictly governed by § 2283, they may proceed only to the extent allowed by the principles of *Younger v. Harris*, 401 U.S. 37 (1971), and its successors. *Younger* requires parties to pending state cases to present their contentions, even constitutional ones, to the state judiciary, both trial and appellate."). The Court has no reason to doubt that the state judiciary will provide Plaintiff with any relief to which the federal Constitution entitles him.

Second, to the extent that Plaintiff seeks to bring claims that are within the jurisdiction and purview of this Court, he has failed to state a claim on which relief may be granted. Plaintiff purports to assert claims under 42 U.S.C. §§ 1983, 1985, and 1986. To state a claim under 42 U.S.C. § 1985, a plaintiff must allege "(1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of the alleged conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens." *Xiong v. Wagner*, 700 F.3d 282, 297 (7th Cir. 2012). Plaintiff's complaint implicates (but does not name as a defendant) "the troika of the Kane County Justice System," but does not otherwise allege any sort of conspiratorial action. Moreover, Plaintiff does not allege that any of the actions allegedly taken against him were "motivated by racial, or other class-based discriminatory animus." *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008). He thus fails to state a claim under § 1985. And because he has "failed to state a § 1985 claim, his § 1986 claim fails as well," *id.*; "in the absence of a viable claim under § 1985(3), a § 1986 claim cannot exist." *Hicks v. Resolution Trust Corp.*, 970 F.2d 378, 382 (7th Cir. 1992).

Plaintiff's § 1983 claims as presently alleged must also be dismissed. To the extent that he alleges deprivation

| STATEMENT |
|---|

of his constitutional rights by the "People of the State of Illinois," Plaintiff has not asserted a claim under § 1983. "The People" is a term used to refer to the citizens of a state as represented by the prosecution in a criminal case. See *Black's Law Dictionary* 1171 (8th ed. 2004). Plaintiff's complaint does not plausibly allege that every citizen in Illinois deprived him of his constitutional rights while acting under color of state law. It therefore fails to state a claim against "the People" under 42 U.S.C. § 1983. Cf. *Hughes v. Meyer*, 880 F.2d 967, 972 (7th Cir. 1989) (for a private party to act under color of state law, "there must be a conspiracy, an agreement on a joint course of action in which the private party and the state have a common goal" (citation and internal quotations omitted)). Plaintiff's § 1983 claims against Defendants Madigan and McMahon fare no better. Plaintiff has named Madigan and McMahon as Defendants in their official capacities. A suit against an individual in his or her official capacity is tantamount to a suit against the entity of which the officer is an agent. *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (citing *Kentucky v. Graham*, 473 F.3d 159, 165-66 (1985)); see also *Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999) ("A claim against a government employee acting in his official capacity is the same as a suit directed against the entity the official represents."). Both Madigan and McMahon are agents of the State of Illinois. See *Garcia v. City of Chi., Ill.*, 24 F.3d 966, 969 (7th Cir. 1994) ("[T]he Illinois Supreme Court decided in 1990 that State's Attorneys are state officials."). Thus, Plaintiff's claims against them are really claims against the State of Illinois. To the extent that Plaintiff's claims against Madigan and McMahon – the State – arise under 42 U.S.C. § 1983, they cannot survive because "states are not 'persons' within the meaning of section 1983 and so cannot be sued under that section." *Ill. Dunesland Preservation Soc'y v. Ill. Dep't of Natural Res.*, 584 F.3d 719, 721 (7th Cir. 2009) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989)).

In theory, Plaintiff could attempt to assert claims against Madigan and/or McMahon in their individual capacities for alleged harms that they personally inflicted upon him if he had a plausible basis for alleging their personal involvement in a deprivation of his rights. However, if Plaintiff instead desires to recover for alleged harms personally inflicted on him by individuals supervised by Madigan or McMahon (or their subordinates), which appears to be the case, he will need to sue those individuals in their individual capacities because "[t]here is no respondeat superior liability under § 1983." *Milestone v. City of Monroe, Wis.*, 665 F.3d 774, 780 (7th Cir. 2011). Plaintiff also should be cognizant that "section 1983 does not permit injunctive relief against state officials sued in their individual as distinct from their official capacity." *Greenawalt v. Ind. Dep't of Corr.*, 397 F.3d 587, 589 (7th Cir. 2005). Finally, Plaintiff should keep in mind that prosecutors generally are absolutely immune from liability under § 1983 for those activities that are "intimately associated with the judicial phase of the criminal process," including "initiating a prosecution." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).

At bottom, the only courts that can grant the relief requested by Plaintiff in his complaint, see [1 at 15-16], are the Illinois Circuit Court and/or the Illinois Appellate Court. To the extent that Plaintiff seeks an order to "amend," "vacate," or "dismiss" any orders entered by the Cook or Kane County Circuit Courts, see Prayer for Relief ¶¶ A and B, or any affirmative relief regarding the custodial arrangements relating to his ex-wife and son that are the subject of state court orders relating to the dissolution of marriage and/or orders of protection, see Prayer for Relief ¶ C, he would be well advised to file motions for reconsideration in the appropriate Circuit Court or appeals in the Illinois Appellate Court. However, because Plaintiff's complaint as currently pleaded does not state a claim on which relief may be granted, the Court dismisses it without prejudice. Plaintiff's motion to appoint counsel [5] is denied without prejudice at this time with leave to renew if Plaintiff can state a claim that is cognizable in federal court. Plaintiff may file an amended complaint within 30 days of the date of this order if he believes that, consistent with the discussion above, he can state a claim upon which this Court has jurisdiction and can grant relief.